

1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                        **SOUTHERN DISTRICT OF CALIFORNIA**

10   SEOUL LASER DIEBOARD            CASE NO. 12-CV-2427 BEN (JMA)
     SYSTEM CO., LTD, a South Korean
11   corporation,                    **ORDER GRANTING IN PART
                                      DEFENDANTS' MOTION TO**
12                          Plaintiff,  **DISMISS**

13        vs.                         [ECF No. 8]

14   SERVIFORM, S.R.L., an Italian
     company; CARTON CRAFT
15   SUPPLY, INC., a Georgia
     corporation, and DIE SUPPLY GUYS,
16   INC., a Canadian company,

17                        Defendants.

18

19        Before the Court is a motion to dismiss Plaintiff's Complaint for failure to

20   state a claim upon which relief can be granted and for lack of subject matter

21   jurisdiction.  For the reasons stated below, the motion is **GRANTED IN PART.**

22                              **BACKGROUND**

23        Plaintiff Seoul Laser Dieboard System Co., Ltd. is a South Korean

24   corporation in the machine tooling business.  Serviform, S.r.l. ("Serviform")

25   manufactures and imports dieboard machines into the United States.  Die Supply

26   Guys, Inc. ("Die Supply") and Carton Craft Supply, Inc. ("Carton Craft") market

27   and resell Serviform's machines.

28        Plaintiff commenced this action on October 8, 2012.  It accuses Defendants of

1  directly and indirectly infringing the claims of seven U.S. patents[1] generally relating

2  to cutting apparatuses.  Plaintiff alleges that it is the "owner" of the patents-in-suit

3  and has "all legal and equitable rights to enforce these patents, to bring and maintain

4  this action, and to make, have made, use, import, offer to sell products or services

5  covered by the [patents]."  (Compl. ¶ 17.)  Plaintiff also asserts violations under the

6  federal Lanham Act and state law.

7       On January 31, 2013, Carton Craft moved to dismiss the Complaint pursuant

8  to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  It contends that: (1)

9  Plaintiff lacks standing to bring this suit because it does not have complete

10  ownership of the asserted patents; and (2) the complaint fails to state a claim on

11  which relief can be granted.  Plaintiff filed a response and Carton Craft replied.

12  Serviform and Die Supply subsequently joined Carton Craft's motion.  For the sake

13  of simplicity, the Court will refer to the arguments in Carton Craft's motion as

14  "Defendants'" arguments.

## LEGAL STANDARDS

16  **I.    Rule 12(b)(1)**

17       A motion under Federal Rule of Civil Procedure 12(b)(1) challenges the

18  court's jurisdiction to hear a case.  Standing challenges can be "facial" or "factual."

19  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  "In a facial attack, the

20  challenger asserts that the allegations contained in a complaint are insufficient on

21  their face to invoke federal jurisdiction.  By contrast, in a factual attack, the

22  challenger disputes the truth of the allegations that, by themselves, would otherwise

23  invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039

24  (9th Cir. 2004).  In resolving a factual attack, a court "may review evidence beyond

25  the complaint without converting the motion to dismiss into a motion for summary

26

27  ―――――――――――

[1] The patents-in-suit are: (1)  U.S. Patent No. 5,870,919 ("the '919 Patent"); (2) U.S. Patent

28  No. 6,128,940 ("the '940 Patent"); (3) U.S. Patent No. 6,405,574 ("the '574 Patent"); (4) U.S. Patent No. 7,694,543 ("the '543 Patent"); (5) U.S. Patent No. 5,749,276 ("the '276 Patent"); (6) U.S. Patent No. 6,324,950 ("the '950 Patent"); and (7) U.S. Patent No. 6,675,682 ("the '682 Patent").

1  judgment." *Id.* When challenged, the party opposing the motion bears the burden

2  of establishing jurisdiction. *A10 Networks, Inc. v. Brocade Commcn's Sys., Inc.*,

3  No. 11-CV-05493, 2012 U.S. Dist. LEXIS 74215, at *4-5 (N.D. Cal. May 29,

4  2012).

5  **II.    Rule 12(b)(6)**

6        A motion under Federal Rule of Civil Procedure 12(b)(6) tests the legal

7  sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In

8  federal court, a pleading must contain "a short and plain statement of the claim

9  showing that the pleader is entitled to relief." FED. R. CIV. P. 8(2).  Typically, a

10  complaint is deficient if it fails to state a plausible claim for relief on its face. *Bell*

11  *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility

12  when the plaintiff pleads factual content that allows the court to draw the reasonable

13  inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

14  556 U.S. 662, 678 (2009).  In addition, allegations of fraud must satisfy the

15  heightened pleading standard of Rule 9(b), which requires pleadings to "state with

16  particularity the circumstances constituting fraud or mistake."

17        In resolving a motion brought pursuant to Rule 12(b)(6), the Court accepts all

18  well-pleaded allegations of material fact as true and construes them in a light most

19  favorable to the nonmoving party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*,

20  135 F.3d 658, 661 (9th Cir. 1998).  In addition to the complaint itself, the Court

21  "may consider certain materials—documents attached to the complaint, documents

22  incorporated by reference in the complaint, or matters of judicial notice—without

23  converting the motion to dismiss into a motion for summary judgment." *United*

24  *States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

25                              **DISCUSSION**

26  **I.    Standing**

27        "Under Article III of the United States Constitution, federal courts cannot

28  entertain a litigant's claims unless that party demonstrates concrete injury, by

1  satisfying its burden to demonstrate both constitutional and prudential standing to

2  sue." *Visioneer, Inc. v. Keyscan, Inc.*, 626 F. Supp. 2d 1018, 1023 (N.D. Cal. 2009)

3  (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Constitutional

4  standing in a patent case generally requires ownership of the patent. *Toshiba Corp.*

5  *v. Winstron Corp.*, 270 F.R.D. 538, 541 (C.D. Cal. 2010). Prudential standing

6  "generally requires that a patent owner or co-owners be joined in any infringement

7  suit brought by an assignee having fewer than all substantial rights in the patent."

8  *A10 Networks, Inc.*, 2012 U.S. Dist. LEXIS 74215, at *8-9 (citation omitted).

9  "Absent the voluntary joinder of all co-owners of a patent, a co-owner acting alone

10 will lack standing." *Israel Bio-Eng. Proj. v. Amgen, Inc.*, 475 F.3d 1256, 1264-65

11 (Fed. Cir. 2007).

12         Defendants contend that Plaintiff lacks standing to bring this case on its own

13 because it is a co-owner of six patents and has no interest in the seventh. For

14 support, they supply assignment records from the United States Patent and

15 Trademark Office ("USPTO").[2] For the '919 patent, the '940 patent, the '574

16 patent, the '543 patent, the '950 patent and the '682 patent, the USPTO records

17 identify two assignees. Both are named Seoul Laser Dieboard System Co., Ltd., but

18 one has an address in California and the other has an address in the Republic of

19 Korea. (*See* RJN, Exhs. A-D, F, and G.)   For the '276 Patent, the assignment

20 records list Seoul Laser Dieboard System Co., Ltd. (with the California address) and

21 SDS USA, Inc. (*See* RJN, Exh. E.)  Defendants contend that only one of the

22 aforementioned parties—Seoul Laser Dieboard System Co., Ltd. with an address in

23 the Republic of Korea—is a named Plaintiff and that standing rules prevent it from

24 bringing this suit on its own.

25         Plaintiff defends its claim of complete ownership by submitting records of its

26

27         [2] The Court **GRANTS** Defendants' request for judicial notice of the USPTO assignment
   records.  Because the USPTO documents are public records "capable of accurate and ready
28 determination by resort to sources whose accuracy cannot be questioned," judicial notice is proper.
   *See* FED. R. EVID. 201(b)(2); *Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004).

1  own.  Through the declaration of its vice president, Kyong Chan Lim, Plaintiff

2  explains that Seoul Laser Dieboard System Co., Ltd. is one company with two

3  business addresses—a headquarters in South Korea and a satellite office in

4  California.  (Lim Decl. ¶ 5.)  In other words, Seoul Laser Dieboard System Co., Ltd.

5  in San Diego, California and Seoul Laser Dieboard System Co., Ltd., in the

6  Republic of Korea, the designated "assignees" for six of the seven patents, "are one

7  and the same corporate entity."  (Lim Decl. ¶¶ 6-7.)

8      As for the '276 Patent, Plaintiff does not dispute that one of the named

9  assignees, SDS USA, Inc., is a distinct entity from Seoul Laser Dieboard System

10  Co., Ltd.  Plaintiff claims, however, that it is now the sole owner of the patent

11  thanks to a May 1, 2011 assignment by way of a confidential settlement agreement

12  between the parties.  Plaintiff attaches a redacted copy of the agreement (which

13  refers to a transfer by SDS USA of "all intellectual property" related to SDS

14  Korea's products and business) as well as a USPTO assignment record, which has

15  been updated in the wake of Defendants' motion to reflect an assignment of the

16  '276 patent to Seoul Laser Dieboard System Co., Ltd., executed on May 1, 2011.

17  (Opp'n, Exh. E.)

18      At this stage of the litigation, Plaintiff has made a sufficient showing that it

19  has standing to sue for infringement.[3]  From Lim's description of Plaintiff's

20  corporate structure, it appears the entities designated by the USPTO as assignees for

21  six of the seven patents are the same.  Absent stronger evidence to the contrary, the

22  Court declines to dismiss the infringement claims on standing grounds.  As for the

23  '276 patent, Plaintiff's recording of an assignment "creates a presumption of

24  validity as to the assignment[.]"  *SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d

25

---

26      [3] Because Defendants' jurisdictional attack challenges the truth of Plaintiff's ownership claim,
it is a factual challenge, and the Court may consider material outside the pleadings.  *McCarthy v.*
27  *United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("[W]hen considering a motion to dismiss pursuant
to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any
28  evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of
jurisdiction.").

12-cv2427

1  1319, 1327-28 (Fed. Cir. 2010).  Plaintiff appears to have standing to sue for

2  infringement from at least the date of assignment.  Accordingly, Defendants' motion

3  to dismiss on standing grounds is denied.

4  **II.    Pleading Sufficiency**

5          Defendants next attack the pleadings.  They assert that none of the eleven

6  claims for relief are sufficiently pled.

7          **A.    Infringement**

8          The first seven claims are for "infringement," with each representing a

9  different patent-in-suit.  As part of each claim for relief, Plaintiff alleges that

10  Defendants are directly infringing, inducing others to infringe, and contributorily

11  infringing the asserted patents and that their infringement is willful.[4]  Because the

12  pleading standard for each type of infringement differs, the Court will analyze them

13  separately, looking first at the direct and willful infringement claims and then

14  turning to the indirect infringement claims.

15          *1.    Direct Infringement*

16          The Federal Circuit has instructed that Form 18, a sample complaint in the

17  Appendix of Forms to the Federal Rules of Civil Procedure, provides the pleading

18  standard for claims of direct infringement.  *See K-Tech Telecommc'ns, Inc. v. Time*

19  *Warner Cable, Inc.*, 714 F.3d 1277,  1284 (Fed. Cir. 2013); *In re Bill of Lading*

20  *Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir.

21  2012) ("[T]o the extent the parties argue that *Twombly* and its progeny conflict with

22  the Forms and create differing pleading requirements, the Forms control.")

23  Although the Federal Circuit's view on the applicability of Form 18 is not binding

24  in this circuit, it is strongly persuasive authority and the Court will follow its lead.

25          Form 18 requires: "(1) an allegation of jurisdiction; (2) a statement that the

26  plaintiff owns the patent; (3) a statement that defendant has been infringing the

27  _____

28  [4] One minor variation appears in the "fourth cause of action," titled "Infringment of Patent No. 7,694,543."   For this patent, Plaintiff aims its indirect infringement allegations solely against Serviform. (Compl. ¶¶ 48-53.)

1   patent 'by making, selling, and using [the device] embodying the patent'; (4) a

2   statement that the plaintiff has given the defendant notice of its infringement; and

3   (5) a demand for an injunction and damages." *Bill of Lading*, 681 F.3d at 1334

4   (citation omitted).  Plaintiff's allegations conform to Form 18.  The Complaint (1)

5   alleges a basis for jurisdiction  (¶ 1); (2) alleges Plaintiff's ownership of the

6   patents-in-suit  (¶ 17); (3) alleges that Defendants infringe by "making, imp[o]rting,

7   using, selling and offering to sell" certain machine tools for bending (and

8   sometimes for cutting) metallic material  (¶¶ 31, 37, 43, 49[5], 55, 61, 67); (4) gives

9   Defendants notice of their infringement[6]; and (5) makes the requisite demand for an

10  injunction and damages.  No more is required.  *Superior Indus., LLC*, 700 F.3d at

11  1295.

12          Defendants suggest that Plaintiff must identify the particular claims that are

13  being infringed as well as specific products accused on infringement.  The Court

14  disagrees.  Form 18 does not require either.  *See Bill of Lading*, 681 F.3d at 1335

15  ("[A]  plaintiff need not even identify which claims it asserts are being infringed.");

16  *K-Tech*, 714 F.3d at 1286 ("We do not read Form 18 . . . to require that a plaintiff

17  identify an accused device by name."); *see also Clouding IP, LLC v. Amazon.com,*

18  *Inc.*, 2013 WL 2293452, at *2 (D. Del. May 24, 2013) ("As it relates to accused

19  products, Form 18 requires only identification of a general category of products, for

20  example 'electrical motors.' Accordingly, complaints frequently survive a motion to

21  dismiss when they accuse a general category of products.")  Here, Plaintiff has

22  identified a general class of products (machine tools for bending and sometimes

23  cutting metal) for each count, and elaborated in the background facts that "[o]ne

24  model of these machines is branded as the IDEA" (Compl. ¶ 18).  This is sparse, but

25  sufficient.  Accordingly, the Court denies Defendants' motion to dismiss the direct

26

27          [5] Paragraph 49 omits the word "importing."

28          [6] Filing of an action for infringement satisfies the notice requirement. *See Superior Indus.,*
    *LLC v. Thor Global Enters.*, 700 F.3d 1287, 1295 (Fed. Cir. 2012) (citing  35 U.S.C. § 287(a)).

1  infringement claims.

2           **2.**   ***Willful Infringement***

3         Plaintiff next asserts that Defendants' infringement was willful.  Form 18

4  does not apply to claims for willful infringement.  Accordingly, Plaintiff must

5  satisfy the plausibility pleading standard of *Twombly* and *Iqbal*.

6         As a general matter, "[i]nfringement is willful when the infringer was aware

7  of the asserted patent, but nonetheless acted despite an objectively high likelihood

8  that its actions constituted infringement of a valid patent."  *i4i Ltd. P'ship v.*

9  *Microsoft Corp.*, 598 F.3d 831, 860 (Fed. Cir. 2010) (citation and internal quotation

10  marks omitted).  What a plaintiff must allege to satisfy *Twombly* and *Iqbal* remains

11  somewhat murky.  *See Sony Corp v. LG Elecs. U.S.A., Inc.*, 768 F. Supp. 2d 1058,

12  1064 (C.D. Cal. 2011) (noting a "lack of complete uniformity" in district court

13  decisions).  A "bare recitation of the required legal elements for willful

14  infringement" or a "mere allegation, without more," that Defendants knew of the

15  patents-in-suit will not survive a Rule 12(b)(6) motion.  *Robert Bosch Healthcare*

16  *Sys., Inc. v. Express MD Solutions, LLC*, No. C 12–00068, 2012 WL 2803617, at *3

17  (N.D. Cal. July 10, 2012).  However, courts have denied such motions where the

18  patentee couples an allegation of direct infringement with "the barest factual

19  assertion" of knowledge.  *See Medtrica Solutions, Ltd. v. Cygnus Med., LLC*, No. C

20  12-538, 2012 U.S. Dist. LEXIS 163564, at *4 (W.D. Wash. Nov. 15, 2012); *Avocet*

21  *Sports Tech., Inc. v. Garmin Int'l, Inc.*, No. C 11-04049, 2012 WL 2343163, at *3

22  (N.D. Cal. June 5, 2012).

23         Within each "cause of action" for infringement, Plaintiff alleges that

24  "Defendants have continued their infringement despite having notice of the

25  [patents-in-suit]" and "have committed and are committing willful and deliberate

26  patent infringement." (Compl. ¶¶ 34, 40, 46, 52, 58, 64, 70.)  Plaintiff also alleges

27  that it sent "a letter" to Defendants in 2007 "putting them on notice that they were

28  infringing upon the SDS Patents through the sale of their dieboard bending and

1  cutting machines." (Compl. ¶ 22.)  Through this latter allegation, Plaintiff appears,

2  at first glance, to make out the barest factual assertion that Defendants had

3  knowledge of the patents-in-suit.

4      There is a wrinkle, however.  Carton Craft provides the Court with the actual

5  letter from 2007.  Because the contents of the letter are referenced in the Complaint

6  as the basis for Defendants' knowledge, the Court may consider it.  *See* 5A

7  CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1327 (3d

8  ed.) ("[W]hen the plaintiff fails to introduce a pertinent document as part of her

9  pleading, a significant number of cases from throughout the federal court system

10  make it clear that the defendant may introduce the document as an exhibit to a

11  motion attacking the sufficiency of the pleading; that certainly will be true if the

12  plaintiff has referred to the item in the complaint and it is central to the affirmative

13  case.").  Having examined the letter,[7]  the Court cannot plausibly infer that it

14  notified Defendants of *all* asserted patents in 2007. The letter only names three of

15  them—the '950 Patent, '682 Patent, and '276 Patent.  Although the letter alludes to

16  other "related patents," it makes no express reference to the '940 Patent, the '919

17  Patent, the '574 Patent, or the '543 Patent.

18      Plaintiff attempts to cure this deficiency in its briefing by asserting other

19  bases for Defendants' knowledge, e.g. Internet advertisements, product marking, the

20  parties' co-existence in a small industry.  This argument is not well taken.  None of

21  this appears in the Complaint.  The Court cannot consider new facts put forward in

22  an opposition brief.  Accordingly, only some of Plaintiff's willful infringement

23  allegations—those related to the '950 Patent, '682 Patent, and '276 Patent—suffice.

24  For patents *not* referenced in the letter (the '940 Patent, the '919 Patent, the '574

25  Patent, and the '543 Patent), Plaintiff fails to put forward "the barest factual

26  assertion" of knowledge, and therefore fails to adequately plead willful

27  _____

28  [7] As Plaintiff does not suggest otherwise, the Court presumes that the letters to Die Supply and Serviform were substantively identical. Indeed, Serviform appears to have been carbon copied on the letter to Carton Craft.

12-cv2427

1   infringement

2        ### 3.   *Indirect Infringement*

3        For each patent, Plaintiff alleges two types of indirect infringement: induced

4   infringement, § 271(b), and contributory infringement, § 271(c).   Indirect

5   infringement claims, like willful infringement claims, must satisfy *Twombly*'s

6   plausibility pleading standard. *See Bill of Lading*, 681 F.3d at 1336-37.

7        As an initial matter, the Court dismisses Plaintiff's indirect infringement

8   claims insofar as they are associated with the '940 Patent, the '919 Patent, the '574

9   Patent, and the '543 Patent.  Both forms of indirect infringement require knowledge

10  of the patent by the putative infringer.  *Global-Tech Appliances, Inc. v. SEB S.A.*,

11  131 S. Ct. 2060, 2068 (2011).  As explained above, Plaintiff fails to adequately

12  plead such knowledge.

13       As to the remaining patents, Plaintiff's core allegations are as follows:

14       • Serviform sells "Infringing Machines" to Carton Craft and Die Supply for

15  resale in the United States.  (Compl ¶ 19.)

16       ◦ Serviform "intentionally induced and contributed to the infringement of

17  Defendants Carton Craft and Die Supply." (Compl. ¶¶ 57, 63, 69).

18       • "Defendants" have and are "inducing and contributing to others'

19  infringement through the manufacture, importation, sales, offers for sale, and use of

20  certain machine tools for bending and cutting metallic material[.]"  (Compl. ¶¶ 55,

21  61, 67.)

22       Defendants argue, and the Court agrees, that Plaintiff fails to adequately

23  plead contributory infringement.  "Contributory infringement occurs if a party sells

24  or offers to sell, a material or apparatus for use in practicing a patented process, and

25  that 'material or apparatus' is material to practicing the invention, has no substantial

26  non-infringing uses, and is known by the party 'to be especially made or especially

27  adapted for use in an infringement of such patent.'" *Bill of Lading*, 681 F.3d at 1337

28  (quoting § 271(c)).  Among other things, Plaintiff must plead facts that allow an

1  inference that the accused products are "especially made or especially adapted for

2  use in an infringement of such patent, and not a staple article or commodity of

3  commerce suitable for substantial noninfringing use." *Superior Indus., Inc.*, 700

4  F.3d at 1296 (citing 35 U.S.C. § 271(c)).  Plaintiff has not done so.  It has merely

5  identified a broad category of accused devices and labeled them infringing.  The

6  Court may not supply essential elements of the claim that do not appear in the

7  Complaint.  Accordingly, Plaintiff's remaining contributory infringement claims are

8  dismissed.

9       Defendants also argue, and the Court agrees, that Plaintiff's induced

10  infringement claims are deficient.  To state a claim for induced infringement,

11  Plaintiff must allege, among other things, "facts plausibly showing that

12  [Defendants] specifically intended [their] customers to infringe the

13  [patents-in-suit]." *Bill of Lading*, 681 F.3d at 1339.  Conclusory allegations will not

14  suffice.  *See Medsquire LLC v. Spring Med. Sys., Inc.*, No. 11-CV-4504, 2011 U.S.

15  Dist. LEXIS 107416, at *8-9 (C.D. Cal. Aug. 31, 2011) (dismissing an allegation

16  that Defendant indirectly infringed by "inducing direct infringement by other

17  persons—specifically, customers and partners of [Defendant], who make, use, sell,

18  or offer for sale" the accused product).  Plaintiff's allegations, like those in

19  *Medquire*, fail to satisfy *Twombly*.  Plaintiff alleges that Serviform "intentionally

20  induced" the infringement of Carton Craft and Die Supply and that Carton Craft and

21  Die Supply then induced "others" to infringe.  What Plaintiff fails to provide are

22  facts plausibly showing that Defendants *specifically intended* third party

23  infringement.  The 2007 letter did not identify any accused device, much less tie any

24  allegedly infringing features or designs to any particular patent.  The Court cannot

25  plausible infer from the allegation that Defendants sold or used "certain machine

26  tools" that Defendants specifically intended third party infringement.  Accordingly,

27  the inducement claims are dismissed.

28  //

**B.    Lanham Act Claims**

Plaintiff next asserts a claim for unfair competition under Lanham Act § 43(a), 15 U.S.C. § 1125(a), and requests injunctive relief pursuant to 15 U.S.C. § 1116. Although separately alleged, these claims are intertwined. *See Skydive Ariz., Inc. v. Quattrocchi*, No. CV-05-2656, 2010 WL 1743189, at *7 (D. Ariz. Apr. 29, 2010) ("Under 15 U.S.C. § 1116, Courts may grant injunctions when a defendant has committed a violation of § 43(a)."). Defendants contend Plaintiff is misusing the Lanham Act to reassert its patent claims, and that it fails to state a cognizable claim. The Court agrees.

"Section 43(a) . . . prohibits the use of false designations of origin, false descriptions, and false representations in the advertizing and sale of goods and services." *Jack Russell Terrier Network v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1036 (9th Cir. 2005). It states in pertinent part:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false or misleading description of fact, or false or misleading representation of fact, which —
>
> > (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> >
> > (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a).

It is not clear from the Complaint whether Plaintiff is asserting a "false association" claim under § 43(a)(1)(A) or a "false advertising" claim under § 43(a)(1)(B). This ambiguity alone raises fair notice concerns. *See FreecycleSunnyvale v. Freecycle Network, Inc.*, No. C 06-00324, 2006 U.S. Dist.

1  LEXIS 54374, at *14-15 (N.D. Cal. July 25, 2006) (holding that a party failed to

2  give Plaintiff fair notice of the ground on which its counterclaim rested because it

3  failed to identify the particular prong of § 43(a)(1) that was being asserted).  Even if

4  the Court overlooks this deficiency, however, Plaintiff fails to state a claim under

5  either prong.

6       Section 43(a)(1)(A) "makes actionable any commercial representation that is

7  likely to cause confusion 'as to the origin' of goods." *Baden Sports, Inc. v. Molten*

8  *USA, Inc.*, 556 F.3d 1300, 1306 (Fed. Cir. 2009). "Origin" in this context refers to

9  "the producer of the tangible goods that are offered for sale, and not to the author of

10  any idea, concept, or communications embodied by those goods." *Dastar Corp. v.*

11  *Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003).  Plaintiff alleges that

12  Defendants' sale of "Infringing Machines will confuse and deceive the public into

13  thinking that the products sold by Defendants are Plaintiff's products" (Compl.

14  ¶ 74) and that "Defendants copied the Patents for the specific purposes of infringing

15  upon [Plaintiff's] Patents and falsely designating [Plaintiff's] products as their own"

16  (Compl. ¶ 78.)  Such allegations fail to state a claim under § 43(a)(1)(A).  Plaintiff

17  does not allege that Plaintiff produced the machines that Defendants' offer for sale.

18  Indeed, nothing in the Complaint suggests that is the case.  What Plaintiff appears to

19  be alleging is that it owns the patents *embodied* by those machines and that

20  Defendants' sales creates confusion as to inventorship.  *Dastar* forecloses liability

21  for such conduct under § 43(a)(1)(A).

22       The Complaint also fails to state a false advertising claim under

23  § 43(a)(1)(B).  A false advertising claim "requires a showing that (1) the defendant

24  made a false statement either about the plaintiff's or its own product; (2) the

25  statement was made in commercial advertisement or promotion; (3) the statement

26  actually deceived or had the tendency to deceive a substantial segment of its

27  audience; (4) the deception is material; (5) the defendant caused its false statement

28  to enter interstate commerce; and (6) the plaintiff has been or is likely to be injured

1  as a result of the false statement, either by direct diversion of sales from itself to the

2  defendant, or by a lessening of goodwill associated with the plaintiff's product."

3  *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829 (9th Cir. 2002).

4  "District courts in the Ninth Circuit have held that the heightened pleading standard

5  of Federal Rule of Procedure 9(b) applies to false advertising claims and requires

6  the plaintiff to plead the 'time, place, and specific content of the false

7  representations,' the identities of the parties to the misrepresentation, and what

8  about the statement is claimed to be misleading." *Epicor Software Corp. v.*

9  *Alternative Tech. Solutions, Inc.*, No. SACV 13-00448, 2013 U.S. Dist. LEXIS

10  79125, at *12-15 (C.D. Cal. May 9, 2013) (citing *EcoDisc Tech. AG v. DVD*

11  *Format/Logo Licensing Corp.*, 711 F. Supp. 2d 1074, 1085 (C.D. Cal. 2010)).  The

12  allegations in the Complaint fall far short.  Plaintiff fails to identify *any* false

13  statement, much less explain why it is misleading.  Plaintiff only makes passing

14  reference to Defendants' use of "advertisements" that "may" be below its standards.

15  (Compl. ¶ 76.)  Such threadbare allegations fail to state a plausible claim.

16  Accordingly, Plaintiff's Lanham Act claims are dismissed.

17      **C.    Tortious Interference**

18      Finally, Plaintiff accuses Defendants of tortious interference with contract

19  and with prospective economic advantage.  Defendants contend that Plaintiff's

20  allegations do not pass muster under *Twombly* and that they are preempted by

21  federal patent law.  The Court agrees with the first argument and need not reach the

22  second.

23      "The tort of intentional interference with contract requires allegations of the

24  following elements: '(1) a valid contract between plaintiff and a third party; (2)

25  defendant's knowledge of this contract; (3) defendant's intentional acts designed to

26  induce a breach or disruption of the contractual relationship; (4) actual breach or

27  disruption of the contractual relationship; and (5) resulting damage.'" *CRST Van*

28  *Expedited, Inc. v. Werner Enters., Inc.*, 479 F.3d 1099, 1105 (9th Cir. 2007)

12-cv2427

1  (quoting *Quelimane Co. v. Stewart Title Guar. Co.*, 19 Cal. 4th 26, 55 (1998)).

2  Plaintiff has not adequately alleged these elements.  Plaintiff alleges no facts from

3  which the Court can plausibly infer the existence of a specific and valid contract or

4  Defendants' knowledge of that contract.  Further, Plaintiff does not plead with any

5  specificity the disruption of a contract.  Conclusory assertions that "Defendants

6  intentionally and tortiously interfered with the contractual relations between

7  [Plaintiff] and its suppliers, distributors and customers," that Defendants "acted

8  willfully and wantonly in so doing," and that Plaintiff was damaged as a result do

9  not suffice.

10        The tort of intentional interference with prospective economic advantage

11  requires allegations of: "(1) an economic relationship between the plaintiff and

12  some third party, with the probability of future economic benefit to the plaintiff; (2)

13  the defendant's knowledge of the relationship; (3) intentional acts on the part of the

14  defendant designed to disrupt the relationship; (4) actual disruption of the

15  relationship; and (5) economic harm to the plaintiff proximately caused by the acts

16  of the defendant." *Pardi v. Kaiser Permanente Hosp.*, 389 F.3d 840, 852 (9th Cir.

17  2004) (quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153

18  (2003)).  Again, the Complaint falls short.  Plaintiff fails to allege that it was likely

19  to receive an economic benefit from a specific third party, and it fails to identify a

20  specific opportunity lost.  Conclusory assertions that "Defendants intentionally and

21  tortiously interfered with the prospective business advantage that [Plaintiff] enjoyed

22  with its suppliers, distributors and customers" and that Plaintiff suffered damage do

23  not suffice. *See Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1151 (9th

24  Cir. 2008) (dismissing as conclusory Plaintiff's allegation that "its ongoing business

25  and economic relationships with Customers [had] been disrupted" and noting the

26  absence of any *facts* relating to an actual disruption to negotiations or potential

27  contracts).  Accordingly, Plaintiff's tortious interference claims are dismissed.

28  //

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss Plaintiff's complaint is **GRANTED IN PART**. The Court's order is as follows:

(1) Defendants' Rule 12(b)(1) motion to dismiss is **DENIED**.

(2) Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's direct infringement claims is **DENIED**.

(3) Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's willful infringement claims is **DENIED** as to the '950 Patent, '682 Patent, and '276 Patent. It is **GRANTED** as to the '940 Patent, the '919 Patent, the '574 Patent, and the '543 Patent).

(4) Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's induced infringement claims is **GRANTED**.

(5) Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's contributory infringement claims is **GRANTED**.

(6) Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's Lanham Act claims is **GRANTED**.

(6) Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's tortious interference claims is **GRANTED**.

All dismissals are without prejudice. Plaintiff has leave to file an amended complaint that addresses the deficiencies identified above within 21 days of the date of this Order.

**IT IS SO ORDERED**

DATED: July /5, 2013

HON. ROGER T. BENITEZ
United States District Court Judge